## JOEL D. PARKS ET AL. v. J. H. CAUDLE AND WIFE.

(Case No. 1334.)

1. PRACTICE.— In trespass to try title, since the plaintiff is not required to set forth in his petition his chain of title, it is not necessary that he should state the fact that the written evidence of any link in the chain has been lost. Being himself a competent witness under the statute, he may testify as such to the loss of a missing deed, without being required to first file the suppletory affidavit of its loss, required at common law.

2. LOST DEED — SECONDARY EVIDENCE.— A party claiming title to land through a lost deed, testified that he saw it executed in 1858; searching for it in 1869, when, for the first time, he became interested from having married one having interests under it, he found it amongst the papers of one who had been county clerk. He delivered the deed to another person to have it recorded, and was afterwards informed by him that it had been destroyed by fire which burned his store. This person afterwards died, and his papers came into witness' possession; he looked through them to ascertain the condition of his estate, and though not looking specially for the lost deed, knew that it was not among the papers of the deceased party to whom he had intrusted it, and who reported its destruction by fire. Held, that the evidence of its former existence and loss was sufficient to admit secondary evidence of its contents.

3. SECONDARY EVIDENCE.— When secondary evidence is resorted to for the purpose of establishing the former existence of a deed claimed to be lost, and no copy of which was preserved, after the lapse of twenty years a general description of the property conveyed and of the substance of the deed is all that can be required.

4. EVIDENCE — WITNESS.— A party to a suit against heirs claiming the property through their deceased ancestor, is precluded under art. 2248, R. S., not only from testifying to statements made to him by the deceased, and to transactions between the deceased and himself, but also as to any such statements to or transactions between deceased and third persons; and this although occurring at a time when the witness had no interest in such statements or transactions.

APPEAL from Grayson. Tried below before the Hon. Joseph Bledsoe.

The suit was one of trespass to try title. The opinion states all facts necessary to a proper understanding of the points decided, except the description given by the party and witness Caudle of the lost deed. On this point he testified as follows: " Joel D. Parks executed a deed to Wm. A. Park's headright certificate, located in Grayson county, Texas, less the locative interest, and delivered the deed to Wm. A. Park; W. H. Mathews and F. M. White witnessed the deed." White testified that in 1858 " Joel D. Parks transferred back to Wm. A. Park the headright certificate of W. A. Park, situated in Grayson county, Texas."

*J. P. Mills,* for appellant.

I. Appellees not having alleged in their pleadings that the deed on which they relied from Joel D. Parks to Wm. A. Park, of date —— day of ——, 1858, had been lost, could not introduce secondary evidence of its contents without first filing an affidavit of its loss. Bateman *v.* Bateman, 16 Tex., 542–4; Bateman *v.* Bateman, 21 Tex., 432; Evans *v.* Womack, 48 Tex., 234; Young *v.* Guilbeau, 3 Wall., 640; 1 Greenl. Ev., sec. 558, note 1 (13th ed.).

II. Appellee, J. H. Caudle, having married the daughter of Wm. A. Park after his death, and having joined his wife in the prosecution of this suit, giving bond for costs, was not a competent witness to any transaction that occurred between Wm. A. Park and Joel D. Parks, the heirs of Joel D. Parks being defendants. R. S., art. 2248; Markham *v.* Carothers, 47 Tex., 25, 26; Roberts *v.* Yarboro, 41 Tex., 452–3; Dikes *v.* Miller, 24 Tex., 422; Dial *v.* Crain, 10 Tex., 452; Hubbell *v.* Hubbell, 22 Ohio St., 221; Abbott's Trial Ev., p. 61; Blood *v.* Fairbanks, 50 Cal., 422; 66 Pa. St., 303; 81 Pa. St., 507; 41 Ala., 634–5, 706; 1 Wharton's Ev., sec. 47, note 1.

III. When parol evidence is resorted to to establish the contents of a lost deed, it should be clear and certain; it should show that it was properly executed with the formalities required by law; the contents of the deed must be substantially proven, that the court may determine that it is such an instrument as will convey land,

and it must be more particularly described and identified than giving the name of the headright and the county where situated.

IV. Appellees having introduced parol evidence to establish the contents and loss of an unrecorded deed, executed by Joel D. Parks to Wm. A. Park in 1858, and that said deed was executed to cancel a deed absolute on its face and properly recorded, executed by Wm. A. Park to Joel D. Parks for the same land in 1856, the possession of the deed by a stranger in 1872 or 1873 should be accounted for.

*Hare & Head* and *E. McLain*, for appellees.

I. A suppletory affidavit is not required where the loss of the instrument is shown by witnesses on the trial; but was only required at common law, when parties could not be witnesses, to make them remove any suspicion that the original might be concealed by them, and to enable a party to the suit to thus show the loss of an instrument that he might not be able to prove by any one else. Withee *v.* Fearing, 23 Tex., 506; 2 Phillips on Ev., top page 434; Cowen, Hill & Edwards' Notes, 446; id., top pages 463–477, 475 in particular; Davis *v.* Spooner, 3 Pick., 287.

II. A suppletory affidavit is only required when the suit is directly upon the lost instrument, and not when it only constitutes a link in the chain of title. In the latter case it is only necessary that its non-production be accounted for by the evidence on the trial. White *v.* Burney, 27 Tex., 50; Cheatham *v.* Riddle, 8 Tex., 162. See also 2 Phillips, top page 475, edition of 1868; 9 Wheat., 581.

III. The testimony of the plaintiff under oath on the witness stand is equivalent to a suppletory affidavit to the facts testified to. See authorities above.

IV. The statute only excludes parties from testifying to statements by the deceased to the witness, and to transactions between the witness and deceased, and do not prohibit him from testifying to transactions between deceased and third persons, occurring when the witness had no interest therein. The testimony of the plaintiff Caudle was not as to any statements by Joel D. Parks to him, or to any transaction between them, but to a transaction between Joel D. Parks and Wm. A. Park, at which the witness was present, long before he married Wm. A. Park's daughter. Potter *v.* Wheat, 53 Tex., 401; 41 Tex., 449; 55 Tex., 145; 102 U. S., 163; Isenhour *v.* Isenhour, 64 N. C., 640; 44 Ga., 73; 64 N. C., 642; 48 Ga., 580; 76 Pa. St., 180; 63 Ga., 271; 58 N. Y., 338; Reilly *v.* English, Supreme Court of Tenn., April term, 1882, cited in Central Law Journal, August 11, 1882, vol. 15, No. 6, p. 113, and

The Reporter of August 30, 1882; Martin v. Jones, 72 Mo., 23, cited in U. S. Dig., New Series, vol. 12, p. 875, directly in point; Lines v. Lines, 54 Iowa, 600, cited in U. S. Dig., vol. 12, p. 875, New Series.

V. J. H. Caudle not being interested at the time he acquired the information testified to, his subsequently marrying a daughter of one of the parties to the transaction, and being made a formal party to the suit as such husband, would not disqualify him, as a witness, from testifying to the facts thus acquired. Cross v. Wellwood, The Reporter, vol. 9, 587; 58 N. Y., 338.

VI. The nature of the conveyance, and the land conveyed by the lost deed from Joel D. Parks to Wm. A. Park, was amply shown by the evidence. Chalk v. Foster & Blessing, Galveston term Supreme Court, 1882; Abbott's Trial Evidence, 709.

VII. The evidence as to the loss of the deed was amply sufficient to authorize the admission of secondary evidence. White v. Burney, 27 Tex., 50; Cheatham v. Riddle, 8 Tex., 162; 2 Phillips, cited above.

GOULD, CHIEF JUSTICE.— J. H. Caudle and wife sue in right of the wife, as sole heir of Wm. A. Park, deceased, to recover the Wm. A. Park one thousand four hundred and seventy-six acre survey, patented to him in 1849, and conveyed by him to Joel D. Parks in 1856. Their claim to the land is based on an alleged reconveyance by Joel D. Parks to Wm. A. Park in the fall or winter of 1858, and they sought to establish the execution of this deed by oral testimony, asserting that the instrument itself had been destroyed by fire. Wm. A. Park died in 1859, and Joel D. Parks died in 1867. The heirs of Joel D. Parks are defendants, claiming by descent from him. In the petition there was no allegation of the destruction of the alleged deed, but it was set forth in an abstract of plaintiffs' title, filed under notice from appellants. No affidavit of its loss or destruction was filed, but the plaintiff Caudle testified that the deed was found in 1873 or 1874 amongst the papers of one Lawton, former county clerk of Red River county; that witness kept it two months and gave it to his brother-in-law, Wm. A. Park, Jr., to have it recorded in Grayson county, and has never seen the deed since. Wm. A. Park, Jr.'s store was burned in Ellis county in 1875, while witness was in Red River county, and Wm. A. Park, Jr., told witness that the deed was burned. Wm. A. Park, Jr., died in 1876, and all his papers and effects came into witness' possession, and that he had looked them through frequently, and

never had seen the deed. Caudle was also allowed to testify, over objection, that Joel D. Parks, in the fall of 1858, at the store of witness in Red River county, executed and delivered to Wm. A. Park a deed reconveying his, Wm. A. Park's, headright certificate located in Grayson county, less the locative interest, and that W. H. Mathews and F. M. White witnessed it. Caudle also testified as to what passed between Parks and Park at the time the reconveyance was made, explanatory of the transaction. The depositions of F. M. White were read, to the effect that he witnessed a deed from Joel D. Parks to Wm. A. Park, for W. A. Park's headright of land in Grayson county, made in the fall of 1858 at Pine Bluff, Red River county, Texas, the deed being signed by W. N. Mathews, also as a witness. It appears that Mathews is dead. No further statement of the testimony of Caudle and White is given than is necessary to the understanding of the questions passed upon, nor is it even attempted to give any statement of other testimony bearing on the merits of the case on either side.

The plaintiffs obtained a verdict, and from the judgment rendered thereon the defendants appeal. Was any further allegation of the destruction of the deed necessary, and was it necessary to file an affidavit of its loss instead of proving the fact by a witness on the stand? Each of these questions must be answered in the negative. In actions of this character the petition need not set out the plaintiff's chain of title, and consequently need not state whether any of his muniments of title are lost or not. Since parties are made competent to testify, no reason is perceived why their testimony on the stand as to the loss of an instrument should not take the place of the suppletory affidavit, to which they were necessarily driven when they were disqualified as witnesses. We think it has been substantially decided that the evidence of a witness on the stand may suffice instead of an affidavit. Withee v. Fearing, 23 Tex., 506; White v. Burney, 27 Tex., 40.

We are further of opinion that the evidence of the destruction of the deed was sufficient to admit of secondary evidence. Caudle might well conclude that the deed had been burned on being so informed by his brother-in-law, to whom he says he had intrusted it, and who was interested in its preservation. Certainly his inquiries had gone far enough, when, having in his possession all of the papers of that deceased brother-in-law, he found no trace of the instrument.

We are also of opinion that, under the circumstances, the evidence as to the contents of the deed was not inadmissible because it was not sufficiently specific. If such a deed was in fact ever made and

was destroyed by fire, no copy having been preserved, it would be rare indeed that witnesses, after twenty years had passed, would be able to testify definitely to more than its substance. In the unreported case of Reed v. Allen, appealed from Houston county, and decided at Galveston in 1880 or 1881, evidence less specific and certain as to the formalities of the deed and the property conveyed than that adduced in the present case was held sufficient to establish a conveyance made many years before the trial.

But we are of opinion that J. H. Caudle was not a competent witness to prove the execution of the alleged deed, nor to prove the declarations of Joel D. Parks, nor the transaction between Joel D. Parks and Wm. A. Park. This suit is by the heir of a decedent, and comes within the exception to the law making parties competent witnesses if that party proposes to testify as to any transaction with or statement by the decedent. The clause of the statute extending its provisions to actions by heirs, although it omits the expression "statement by" the decedent, is not believed to be designed to make any distinction as to the subject matter about which the party was to be precluded from testifying, whether such party were an "executor, administrator or guardian," or were an "heir or legal representative" of a decedent. Before that clause was added to the statute, the decisions of this court had held its provisions applicable to suits by or against heirs, and it is believed that the purpose of the addition was to incorporate these decisions into the statutory law. Lewis v. Aylott, 45 Tex., 202; McCampbell v. Henderson, 50 Tex., 602.

In our opinion, a party is prohibited from testifying, not merely as to statements by the deceased to him, or transactions between him and the deceased, but also as to such statements to or transactions between deceased and third persons, and that, too, although occurring when the witness had no interest therein. The statute had in view, primarily, a transaction between parties, one of whom had since died, and whose heirs or representatives were engaged in a suit with the survivor. As to such a transaction neither party was allowed to testify. The survivor should not, because the mouth of the other party to the transaction was forever closed. But the heir or representative, if perchance he knew aught of the facts, although it was not a transaction with him, was also forbidden to testify about it; for to allow him to do so, would be to give him the advantage over one whose mouth the statute had closed. In the present case both parties to the alleged transaction were dead, but that does not make it less within either the terms or the spirit of

the law. In construing a statute in some respects similar to our own, the supreme court of Pennsylvania say: " It can make no difference that both plaintiff and defendant are administrators." Kimble v. Carothers, 81 Pa. St., 507. It is enough to exclude Caudle from testifying as to this transaction, that he and his wife stand as the representatives of Wm. A. Park, and that the opposing parties are the heirs of Joel D. Parks. In like manner, because they are litigating with the heirs of Wm. A. Park, the opposing parties, the heirs of Joel D. Parks, must be silent as to this transaction, although it was not with them. Surely, if Wm. A. Park were alive, he could not testify as to this transaction. Neither could Joel D. Parks were he the survivor. Nor can the heirs of either of them do so in this suit. The expression, " transaction with such decedent," is broad enough to include the execution of a deed by him to one whose heirs are claiming under it. The case of Kirksey v. Kirksey, 41 Md., 634–5, arose under a statute identical with ours. The genuineness of a note purporting to have been executed by the deceased was in question in a controversy between his administrator and the distributees of the estate. The note was to the administrator, it is true, but neither he nor the distributees, nor a husband of one of the distributees, were allowed to testify on the issue as to the signature of the note.

The court erred in allowing Caudle to testify as to what passed between Joel D. Parks and Wm. A. Park, or as to any statements made at the time by either of them in the presence of the other. See Stringfellow v. Montgomery, 57 Tex., 349. It is believed to be unnecessary to examine other errors assigned.

Because of the error in the admission of Caudle's testimony, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered December 21, 1882.]