INTERNATIONAL TRAVELER'S ASSOCIATION v. B. H. BETTIS.

No. 5175. Decided February 18, 1931.
(35 S. W., 2d Series, 1040.)

68

*Seay, Seay, Malone & Lipscomb,* and *Wilkinson & Wilkinson,* for plaintiff in error.

Under article 3716 of the Revised Statutes, "a transaction between a witness and decedent embraces every variety of affairs which can form the subject of negotiations, interviews or actions between two persons; and includes every method by which one person can derive ·impressions or information from the conduct, condition or language of another." Revised Civil Statutes, art. 3716; Parks v. Caudle, 58 Texas, 216-222; Edelstein v. Brown, 100 Texas, 403-405, 100 S. W., 129; Holland v. Nimitz, 111 Texas, 419-425, 232 S. W., 299; Stewart v. Miller, 271 S. W., 311-

320; 28 Am. & Eng. Cyc. of Law (2d Ed.), p. 446 and notes; May-field v. S. G. & N. A. Ry. Co., 87 Ga., 377, 13 S. E., 459; Barnett's Odm'r v. Brand, 165 Ky., 616, 177 S. W., 461; Kentucky Uutilities Co. v. McCarty's Adm'r, 170 Ky., 543, 183 S. W., 237; Equitable Life Assurance Society v. Bailey, 262 S. W., 280; Souther v. Belleau, 203 Ky., 508, 262 S. W., 619, 36 A. L. R., 956; Van Meter v. Goldfrank, 317 Ill., 620, 148 N. E., 391, 41 A. L. R., 343.

As the policy in this case insured Zack M. Bettis, not against acci-dental death, but against death from injuries effected by accidental means; and as there was no evidence whatever showing liability under the terms of said policy—that is to say—showing that deceased's death was due to injuries caused by accidental means, the court should have given the per-emptory instruction requested by defendant. Pledger v. Business Men's Ass'n, 197 S. W., 889-892; Pledger v. Business Men's Ass'n, 228 S. W., 110-114; Aetna Life Ins. Co. v. Robinson, 262 S. W., 118-122; Robinson v. Aetna Life Ins. Co., 276 S. W., 900-903; Carnes v. Iowa State Traveling Men's Ass'n, 106 Iowa, 281, 68 Am. St. Rep., 306-311; Feder v. Iowa State Traveling Men's Ass'n, 107 Iowa, 538, 70 Am. St. Rep., 212-216; Stone v. Fidelity and Casualty Co., 133 Tenn., 672; Anno. Cases 1917A, 86-88 and notes; Lewis v. Ocean Accident, etc., Corpora-tion, 224 N. Y., 18, 7 A. L. R., 1129-1131 and notes; Olinsky v. Rail-way Mail Ass'n, 182 Cal., 669, 14 A. L. R., 784-788 and notes; Hus-bands v. Indiana Travelers' Accident Ass'n (Ind.), 133 N. E., 130, 35 A. L. R., 1184-1191 and notes; Caldwell v. Travelers' Ins. Co. (Mo.), 267 S. W., 907-922, 39 A. L. R., 56-84; Hoosier Casualty Co. v. Roep-ter · (Ind.), 149 N. E., 164, 42 A. L. R., 239-242 and notes; Zach v. Fidelity & Casualty Company (Mo.), 272 S. W., 995-997.

In the instant case, without the testimony of the witness, Herman Bettis, the injury on insured's finger is unaccounted for. As we have seen, the courts say it will not be presumed to have been due to acci-dent. But even if this presumption is, or should be, indulged, upon what principle, or by what right, can we go further and say that the element of accident was in the cause, and not in the result? Besides, would not this be basing one presumption upon another? Globe Acci-dent Ins. Co. v. Gerisch, 163 Ill., 625, 54 Am. St. Rep., 488-489; Keefer v. Pacific Mut. Life Ins. Co., 201 Pa. St., 448, 88 Am. St. Rep., 822-826.

The finding and verdict of the jury on question or special issue No. two (2), requested by the defendant, is wholly unsupported by the evi-dence—there being no evidence at all upon which to base any such find-ing and verdict. Continental Casualty Company v. Wade, 101 Texas, 102-106, 105 S. W., 35-36; Williams v. Preferred Mut. Accident Ass'n, 91 Ga., 698, 17 S. E., 982; Vess v. United Benevolent · Society, 120 Ga., 411, 47 S. E., 942; Order of United Commercial Travelers v. Barnes,

72 Kansas, 293, 80 Pac., 1020; Loventhal v. Fidelity & Casualty Co., 9 Cal. App., 275, 98 Pac., 1075; Preferred Masonic Mut. Accident Ass'n v. Jones, 40 Ill. App., 106; Leatherer v. U. S. Health, etc. Ins. Co., 148 Mich., 310, 108 N. W., 491; Continental Casualty Co. v. Ogburn, 175 Ala., 357, Anno. Cases, 1914 D, 377-379 and note.

*Callaway & Callaway,* for defendant in error.

The evidence of Herman Bettis was admissible in this case, and the defendant's objection to this evidence was properly overruled by the trial court and this court may properly consider it for all purposes. Because Herman Bettis, in this case, could derive nothing as an heir of Zack Bettis, deceased. McBride v. Moore, 37 S. W., 451; Harris v. Warlick, 42 S. W., 356; Briggs v. McBride, 190 S. W., 1123; Steene v. Kirkpatrick, 84 Miss., 63.

The mere fact that Herman Bettis was shown to be a child of Zack M. and Mary L. Bettis, and an heir, would not preclude his testimony in this case because this was a contractual obligation directly between the appellant and the administrator. Grand Lodge A. F. & A. M. v. Dillard, 162 S. W., 1173; Sarver v. Vaughn, 261 S. W., 193; Wootters v. Haile, 83 Texas, 563.

These independent statements of fact, by this witness are not, under the holdings of the courts in this state or any other state, by any stretch of the imagination, construed to be transactions with, or statements by, the deceased. Wells v. Hobbs, 122 S. W., 453; Dolan v. Mehan, 80 S. W., 101; Railway Co. v. Frazier, 87 S. W., 400; Railway Co. v. Cuneo, 108 S. W., 718; Wandelohr v. Bank, 106 S. W., 416; Tuttle v. Moody, 100 Texas, 240, 97 S. W., 1037; Rhodes-Haverty Furniture Co. v. Henry, 67 S. W., 341; Railway Co. v. Hall, 31 Texas Civ. App., 464, 72 S. W., 1053; Scott v. Townsend, 166 S. W., 1138; Lester v. Hutson, 167 S. W., 331; Kendall v. Railway Co., 67 S. W., 376; 12 Enc. of Ev., 882, 900; Martin v. Shannon, 92 Iowa, 374; Trimmier v. Thomson, 41 S. C., 125; Borum v. Bell, 132 Ala., 85; Morrissett v. Wood, 123 Ala., 384; Brown v. Mitchell, 88 Texas, 356; Moore v. Wills, 64 Texas, 109; Martin v. McAdams, 87 Texas, 325; Edelstein v. Brown, 95 S. W., 1128; Shilling v. Shilling, 35 S. W., 420; Huff v. Powell, 107 S. W., 364; Marshall v. Campbell, 212 S. W., 726; Coleman v. Wideman, 8 S. W. (2d) 793.

Under the facts in this case, the admission of the evidence of Herman Bettis, included in the bills was harmless, because, taking the other evidence in the record, independent of that objected to, there was no ground for reasonable minds to differ as to what the verdict of the jury should have been, and the jury could have reached no other conclusion, than it did reach, in finding a verdict in this case. Peal v. Warren, 187 S. W., 1052; Heard v. Pratt, 257 S. W., 660; Shaft v. Saunders, 259 S. W.,

670; McDaniel v. Turner, 269 S. W., 496; Supply Co. v. Hemphill, 258 S. W., 861; Riggs v. Doak, 259 S. W., 684, 260 S. W., 882.

Where evidence shows, in a case of this kind, that there was some character of wound on the person of the deceased from which blood poison sets up, causing the death of the deceased, there is a presumption, having the weight of affirmative evidence, that the insured did not voluntarily inflict the injury upon himself. Hornsby v. Life Ins. Co., 18 A. L. R., 107; Francis v. International Trav. Ass'n, 260 S. W., 943.

Mr. Commissioner SHARP delivered the opinion of the court.

This suit was instituted in the district court of Brown county by B. H. Bettis, as administrator of the estate of Mary L. Bettis and Zack M. Bettis, deceased, against International Travelers Association, to recover on a policy of accident insurance issued to Zack M. Bettis on October 28, 1922. It was alleged that Mary L. Bettis died intestate on April 1, 1923, and that Zack M. Bettis died intestate on September 4, 1925.

The case was tried before a jury. Judgment was rendered for defendant in error as administrator of the estate of Zack M. Bettis and Mary L. Bettis against the plaintiff in error in the sum of $5,000, together with interest thereon from September 4, 1925, at the rate of 6% per annum. An appeal was made to the Court of Civil Appeals and the judgment of the trial court was affirmed. 3 S. W. (2d) 478. Writ of error was granted by the Supreme Court.

The parties will be designated herein as they were in the trial court.

The policy, among other things, provides for indemnity in the sum of $5,000 in case of the death of Zack M. Bettis resulting from "bodily injuries effected, directly, independently and exclusively of all other causes, through accidental means."

The policy also provides that "blood poisoning or septicaemia resulting directly from bodily injuries shall be deemed to be included in the term 'bodily injuries,'" and further provides that "indemnity for the loss of life of the insured is payable to the beneficiary if surviving the insured, and otherwise to the insured's legal administrator or executor."

The policy further provides: "The accident insurance under this policy does not cover any injury, fatal or otherwise, received directly or indirectly as a result of, or that is contributed to, by said member violating any law; being in any degree under the influence of a narcotic or intoxicating liquor; or while insane; or by the act of any person (sane or insane) done to injure the insured, except for the sole purpose of burglary or robbery; or while enlisted or while acting as a sailor or soldier or aeronaut engaged in naval or military service; or while riding or as a result of riding in a hydroplane, aeroplane or balloon; or from mechanical, medical or surgical treatment (operation made necessary by the particular injury for which claim is made and occurring within ninety

days from the date of accident excepted), (this exception does not include mechanical, medical or surgical treatment or operations made necessary by hernia caused by accidental means); or ptomaine poison; or riding or driving in any automobile race; or while riding or as a result of riding a motorcycle. Said benefits do not cover the disappearance of a member."

It appears that Mary L. Bettis, wife of the insured, was named in the policy as beneficiary. She died prior to the death of the insured. Later, while the policy was in force, Zack M. Bettis died from blood poisoning resulting from an injury to the finger. The manner in which the injury to his finger occurred is shown by the following testimony of Herman Bettis, his son, who testified as a witness for the administrator:

"I was with my father at the time he was injured. He was fixing a fence at the time he received the injury. I went down to the pasture with him, me and my father, to do some work, in the J. A. Bettis pasture, a part of the old Thomas place; no one else was with us; that place is south of Blanket; and there was a wire loose and we started to fix it. We had two hammers, and I started to tighten one of the wires, and I put the barb in the claw of my hammer and pulled it tight, and he started to staple it and it flew back and hurt his finger, the one he was holding the staple with, and I noticed the blood on it! I saw the wound after we left there and went to the windmill—he showed me the wound there and made the remark about it hurting him."

Proof of other transactions or statements connected with his father was made by the witness, Herman Bettis, over the objections of the defendant.

Outside of the testimony of Herman Bettis, there is no proof as to how the injury on the finger of Zack M. Bettis was inflicted.

The plaintiff in error objected to the above testimony on the ground that the testimony involves a transaction with the deceased, Zack M. Bettis, and that the witness as an heir of the deceased, has such an interest in the subject matter of the suit as to render his testimony inadmissible under the provisions of article 3716, R. S. 1925, which reads as follows:

"In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

This suit was by the administrator of the estate of both Zack M. Bettis and Mary L. Bettis, deceased. The object was to recover the amount of the policy for the benefit of the two estates. A decision upon this question is controlled by the foregoing statute and the interpretation

and construction of that statute by the decisions of our Supreme Court. As to what constitutes a transaction or a statement by the deceased and therefore incompetent and inadmissible in evidence in a suit of this kind, has been expressly defined by the courts of this state.

In the case of Edelstein v. Brown, 100 Texas, 403, 123 Am. St., 816, 100 S. W., 129, in construing the foregoing article and passing upon as to what constitutes a transaction with or statement by the deceased, Judge Brown says:

"The character of the testimony to be excluded is expressed in the language: 'Neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward.' The phrase 'as to' is defined thus: "So far as it concerns; as regards; as respects; in regard to; in respect to.' "

In the light of the decisions of this state it is quite plain that the testimony of the witness, Herman Bettis, is clearly inadmissible, and that this view is sustained by the following decisions:   McCampbell v. Henderson, 50 Texas, 601; Parks v. Caudle, 58 Texas, 221; Edelstein v. Brown, 100 Texas, 403, 123 Am. St., 816, 100 S. W., 129; Holland v. Nimitz, 111 Texas, 425; Leahy v. Timon, 110 Texas, 80; Spencer v. Schell, 107 Texas, 44.

In the case of Parks v. Caudle, 58 Texas, 216, this question was clearly presented and passed upon.   In that case J. H. Caudle and wife brought suit in right of the wife, as sole heir of William A. Park, deceased, to recover certain lands, and alleged that the suit was based on an alleged reconveyance by Joel. D. Parks to Wm. A. Park, and sought to establish the execution of this deed by oral testimony, asserting that the instrument itself has been destroyed by fire.   J. H. Caudle offered to testify about the execution of the deed and his testimony was excluded. Chief Justice Gould, in rendering the opinion for the court, says:

"But we are of opinion that J. H. Caudle was not a competent witness to prove the execution of the alleged deed, nor to prove the declarations of Joel D. Parks, nor the transaction between Joel D. Parks and Wm. A. Park.   This suit is by the heir of a decedent, and comes within the exception to the law making parties competent witnesses if that party proposes to testify as to any transaction with or statement by the decedent. The clause of the statute extending its provisions to actions by heirs, although it omits the expression 'statement by' the decedent, is not believed to be designed to make any distinction as to the subject matter about which the party was to be precluded from testifying, whether such party were an 'executor, administrator or guardian,' or were an 'heir or legal representative' of a decedent.   Before that clause was added to the statute, the decisions of this court had held its provisions applicable to suits by or against heirs, and it is believed that the purpose of the addition was to

incorporate these decisions into the statutory law. Lewis v. Aylott, 45 Texas, 202; McCampbell v. Henderson, 50 Texas, 602.

"In our opinion, a party is prohibited from testifying, not merely as to statements by the deceased, to him, or transactions between him and the deceased, but also as to such statements to or transactions between deceased and third persons, and that, too, although occurring when the witness had no interest therein. The statute had in view, primarily, a transaction between parties, one of whom had since died, and whose heirs or representatives were engaged in a suit with the survivor. As to such a transaction neither party was allowed to testify. The survivor should not, because the mouth of the other party to the transaction was forever closed. But the heir or representative, if perchance he knew aught of the facts, although it was not a transaction with him, was also forbidden to testify about it; for to allow him to do so, would be to give him the advantage over one whose mouth the statute had closed. In the present case both parties to the alleged transaction were dead, but that does not make it less within either the terms or the spirit of the law."

In the case of Leahy v. Timon, 110 Texas, 73, 215 S. W., 951, in a very exhaustive opinion by Judge Greenwood, the history of article 3716, and the leading opinions of the various courts construing same, are reviewed and portions of the opinions in the cases cited therein which conflict with the opinions of the Supreme Court are overruled.

The contention is made that the testimony of Herman Bettis was admissible because the policy of insurance was payable to the administrator or executor of the deceased and Herman Bettis took under same by contract and not as an heir.

It is undisputed that the beneficiary described in the policy died before the death of the insured and the policy provided in that event the insurance was payable to "insured's legal administrator of executor." The legal effect of the language used in the policy is to place the proceeds of the policy in the estate of the insured and Herman Bettis would receive his share thereof as an heir and not as a designated beneficiary.

In our opinion, there is a clear distinction in the authorities between policies of insurance payable to a designated beneficiary and those made payable to the "administrator or executor" of the insured as was done in this instance. The proceeds of the policies of the latter class become part of the estate of the insured at his death. Fletcher v. Williams, 66 S. W. (Civ. App.), 860 (writ refused); 4th volume Cooley's Briefs on the Law of Insurance, p. 3743.

In the case of Spencer v. Schell, supra, Judge Phillips in discussing article 3716 and the test of the application of the statute with reference to witnesses testifying thereunder, says:

"The test furnished by its provisions embraces not alone the capacity of the parties, but equally the effect of the judgment of which the suit

admits. If the suit be one by or against an heir in which 'judgment may be rendered for or against him as such', the statute applies. In determining the scope of its operation it is evidence from its language that no account is to be taken that the judgment may operate for or against the heir in some other capacity. That the judgment may so operate, is not by statute recognized as the test of its application. But what it constitutes as the test and inquiry is: May such a judgment be rendered as will operate for or against him in the capacity of an heir? If so, unless called by him, the adverse party is rendered an incompetent witness as to transactions with or statements by the decedent. The clause in the statute, 'in which judgment may be rendered for or against them as such', means this, or it means nothing."

In reaching the conclusions herein stated we have kept in mind that it is the policy of our Supreme Court to strictly construe the language contained in article 3716, supra, and is not inclined to extend its construction beyond the plain language and meaning contained therein. Martin v. McAdams, 87 Texas, 225; Newton v. Newton, 77 Texas, 508, 14 S. W., 157; Mitchell v. Deane (Com. App.), 10 S. W. (2d) 717; Lassiter v. Bouche, 14 S. W. (2d) (Com. App.), 808; King v. Heirs of G. H. King (Com. App.), 34 S. W. (2d) 804.

The history of article 3716 shows that the Supreme Court has many times construed its meaning; that the Legislature has amended it after it was construed by the courts, which construction became a part of the statutory law. Many times since this article was enacted and construed by the courts the statutes have been codified without change and unquestionably it has become an established rule in the public policy of the state, and if it is changed or abrogated, it is the province of the Legislature, and not of the courts, to do so.

Therefore, under the foregoing authorities, the testimony of the witness, Herman Bettis, was inadmissible and should have been excluded.

It is further contended that the Court of Civil Appeals erred in holding that after eliminating the inadmissible testimony of Herman Bettis, there was other and sufficient evidence in the record to show that the injury to Zack M. Bettis was effected by violent, external and accidental means, independent of all other causes, and in holding that there was any legal evidence as to how the injury was inflicted and in further holding that under the evidence the jury could have reached no other conclusion than that the injury was caused by accidental means.

Under the decisions of this state the burden rests upon the plaintiff to plead and prove that the death of Zack M. Bettis was by accident and did not come within the exceptions named in the policy. Neither the pleadings nor the proof can be left open to conjecture and guess work. A presumption of a fact cannot rest upon a fact presumed. Hence, when the testimony of Herman Bettis was eliminated, mere proof of an injury

that could have been occasioned by violence coupled with proof of blood poisoning ensuing, causing death, is insufficient as a matter of law to entitle plaintiff to recover upon an accident policy insuring against bodily injuries effected by accidental means, independent of all other causes, and excepting injuries as the result of violating any law or any of the other exceptions contained in the policy above described.

The rule seems to be established in this state that in order to find that injury was effected by accidental means, the element of accident must be found in that which produced the injury rather than in the mere fact that the injury occurred. Bryant v. Continental Casualty Co., 107 Texas, 588, Ann. Cas., 1918A, 517, 182 S. W., 673; International Travelers Ass'n v. Ross, 292 S. W. (Com. App.), 193; Travelers Insurance Co. v. Harris, 212 S. W. (Com. App.), 933; International Travelers Ass'n v. Branum, 109 Texas, 543, 212 S. W., 630.

In the case of Travelers Insurance Company v. Harris, supra, the Commission of Appeals, speaking through Judge Sadler in an opinion adopted by the Supreme Court, after an exhaustive review of the decisions which hold for and against the contention made here, says:

"In view of the decisions by our Supreme Court * * * we are of the opinion that the burden rests upon the plaintiff to show that her cause of action does not fall within the exception clause."

In the case of International Travelers Ass'n v. Branum, supra, Judge Greenwood, in rendering that opinion, says:

"After excluding the incompetent evidence to statements of the insured, there is no evidence on which to base a finding that his death was accidental."

The Court of Civil Appeals held that in view of the other testimony admitted, the admission of the testimony of Herman Bettis was harmless. With this holding we cannot agree. It is impossible to say upon whose testimony the jury based their findings. The testimony of Herman Bettis, under the circumstances, would have a very strong influence with the jury, and such testimony being inadmissible, was prejudicial to the rights of the defendant. Undoubtedly, the true rule is, that in order to hold that the error does not require a reversal of the judgment, it ought clearly to appear that no injury could have resulted from the admission of the evidence. M. K. & T. Ry. Co. v. Hannig, 91 Texas, 347, 43 S. W., 508; Jester v. Steiner, 86 Texas, 415, 25 S. W., 411; Griffis v. Payne, 92 Texas, 293, 47 S. W., 973.

It is further contended, and was so held by the Court of Civil Appeals in its opinion, that in the absence of any proof to the contrary, the law aids the deceased with the presumption that he did not intentionally or voluntarily inflict such injury upon himself, and that the rule should apply in this case. Upon this question we express no opinion. If the rule of presumption above stated did apply in this case, the judgment

of the trial court could not be sustained; for the reason that the plaintiff did not comply with the rule, which places the burden upon him to *allege* and *prove* that the injury inflicted upon Zack M. Bettis was not received under one of the exceptions stated in the policy. To sustain this judgment, one presumption would have to rest upon another presumption. The well settled principles of law prohibit this.

We forego a consideration of the other matters discussed in the opinion of the Court of Civil Appeals, because they will not likely arise during another trial.

We conclude that both the judgments of the Court of Civil Appeals and the trial court should be reversed and that this cause be remanded to the district court for another trial in accordance with this opinion.

The foregoing is adopted as the opinion of the Supreme Court, and the judgments of the Court of Civil Appeals and the trial court will be reversed, and this cause remanded to the district court for another trial.

C. M. Cureton, Chief Justice.