**JOHNSON et al. v. POE.**

No. 11972.

Court of Civil Appeals of Texas. Galveston.

March 25, 1948.

Rehearing Denied April 15, 1948.

Peter S. Solito, of Houston, Samuel J. Lee, and Robt. M. Lyles, both of Angleton, for appellants.

Floyd Enlow, of Angleton, and Henry Greenberg, of Galveston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the district court of Brazoria County, sitting with a jury, probating in favor of the proponent thereof, the appellee here, the will of Mrs. Susie Poe Johnson, over the protest of the contestants, the appellants in this Court.

The contestants below based their cause of action for the nullification of the will upon these two alleged grounds: (1) That Mrs. Johnson did not have testamentary capacity at the time the will was executed by her, and (2) That she was unduly influenced to make and execute the same by the appellee, Jessie Edgar Poe, who was her son.

The trial court submitted to the jury as the controlling issues of fact raised by the stated pleadings of the parties and the evidence heard thereunder, two special issues, which, together with the jury's answers thereto, were these:

"No. 1. Do you find from a preponderance of the evidence that Mrs. Susie Poe Johnson at the time she executed the instru-

ment of writing, bearing date August 25th, 1941, have (had) testamentary capacity, as that term has herein been defined?"

Answer "Yes".

"No. 2. Do you find from a preponderance of the evidence that said instrument dated August 25th, 1941, and executed by Mrs. Susie Poe Johnson, was procured through undue influence exerted upon Mrs. Susie Poe Johnson by Jessie E. Poe, as the term 'undue influence' has hereinbefore been defined?"

Answer "No".

In addition to such verdict of the jury, the trial court itself independently stated like findings from the testimony, declaring specifically that the testatrix did have testamentary capacity at the time she executed the declared-upon will, and that she had not been unduly influenced in so executing it by the appellee, thereupon ordering its probate.

In this Court the appellants have made no attack upon such findings of either the court or the jury as having lacked sufficient support in the evidence; but, contending that, since—to quote their language—"there was a very sharp conflict in the testimony with respect to whether or not Mrs. Johnson had the requisite testamentary-capacity, and as to whether or not she was subjected to undue influence by her son and sole beneficiary, Jessie Edgar Poe", the court erred in these rulings upon the evidence:

"Point No. I. It was error for the court to exclude the testimony of contestants' witness, Ben Dryden, after he had testified to association with and opportunity to observe deceased, that, in his opinion, based upon such observation and independent of any statement that she might have made or any transaction which she might have had, that she did not know the nature and extent of her property, nor fully understand the nature of her business.

"Point No. II. Because the court erred in refusing to permit contestants' witness, Dr. G. J. Hayes, after he had qualified as an expert and had testified to years of observation and treatment of the testatrix, of observing her conduct toward and association with the proponent, Jessie Edgar Poe, and having testified that she was a para-

noiac, and that she was the type of person who could be easily subjected to the will of another person, to testify that the proponent, Jessie Edgar Poe, was, in his opinion, such a person as could substitute his will for that of the testatrix.

"Point No. III. Because the court erred in refusing to permit contestants' witness, Dr. G. J. Hayes, after he had testified that the deceased testatrix was afflicted with paranoia, which was a type of insanity, and that he had been present at numerous conversations between the deceased testatrix and the proponent and beneficiary named in the will, and that from such observations and conversations between himself and proponent and the deceased testatrix, that in the opinion of said witness, proponent exerted influence over the testatrix; * * *.

"Point No. IV. It was error for the court to permit the proponent's witness, Bob S. Owen, to testify over contestants' objection that the deceased testatrix had sufficient mental capacity to know of what her estate consisted, and her property, for the reasons that such testimony was a legal conclusion and invaded the province of the jury.

"Point No. V. It was error for the court to overrule assignment II of contestants' first amended motion for a new trial for the reason that the juror, Roy Shuman, misled counsel for contestants by withholding the fact that he had formerly been represented by counsel for the proponent, when, if such fact had been disclosed, contestants' counsel would have peremptorily challenged him."

None of these contentions, it is determined, should be sustained.

It is held that, under the authorities, none of the testimony so detailed and contended for under appellants' Points I, II, and III, constituted admissible evidence.

As to the witness Ben Dryden, it was shown that he was a half-brother of the appellee Jessie Poe, the proponent of the will, having been a son of the testatrix by her former marriage; hence he was interested as a matter-of-law in having their mother's will set aside, in which contingency he would have inherited an interest in her property under the statute of descent

266

and distribution; he was therefore plainly disqualified as such a tendered witness. Corbel v. Koog, Tex.Civ.App., 188 S.W.2d 905, error refused; Kennedy Estate v. Richardson, Tex.Civ.App., 41 S.W.2d 95. So, being at least a potential heir of his mother, his testimony came clearly within the provisions of such R.S. Art. 3716.

■ Furthermore, even if this witness had not been so personally disqualified, the testimony the point contends should have been so received from him would have further been inadmissible under the direct holding to that effect of our Supreme Court in the analogous case of Holland v. Nimitz et al., 111 Tex. 419, 232 S.W. 298, 299. These declarations in that decision directly bar the contended-for testimony, to-wit:

" * * * The question is thus narrowed to the single proposition: Is the opinion, as to the sanity of testatrix, based, not upon any conversation had with her or statement by her, but solely upon observations of her acts and conduct, and physical and mental condition, a transaction with decedent within the meaning of the statute?

"We think that it is. The words 'transaction with,' as used in statutes similar to ours relating to the admissibility of transactions with decedents, have often received judicial interpretation, and have been held to include every method by which one person can derive impressions or information from the conduct, condition, or language of another. Holland v. Holland, 98 App.Div. 366, 90 N.Y.S. 208; Holcomb v. Holcomb, 95 N.Y. 316. The Supreme Court of this state, in Leahy et al. v. Timon et al., 110 Tex. 73, 215 S.W. 951, has definitely and pointedly decided that heirs of a decedent, whose will they are interested in setting aside, are prohibited by the terms of the statute from testifying as to statements by testatrix tending to establish testatrix's mental capacity at the time of making the will. * * *

"There is just as much or more reason for prohibiting an opinion by an heir, based upon observations as to acts or conduct of a party whose sanity is called in question, as there is to prohibit an opinion based upon statements made by such party.

\* \* \* \* \* \*

"The construction we have given the statute is borne out, and this case is ruled, we think, by the decision of the Supreme Court in Parks v. Caudle, 58 Tex. 216. * * *"

See also these further authorities to the same effect: Adams v. Adams, Tex.Civ. App., 132 S.W.2d 497, 500; Eastland et al. v. Basey et al., Tex.Civ.App., 196 S.W.2d 336; International Traveler's Ass'n v. Bettis, 120 Tex. 67, 35 S.W.2d 1040; Finley et al. v. Pafford et al., Tex.Civ.App., 104 S.W. 2d 163, error dismissed; Dominguez v. Garcia, Tex.Civ.App., 36 S.W.2d 299, affirmed, Tex.Com.App., 53 S.W.2d 459; Wideman v. Coleman et al., Tex.Com.App., 17 S.W.2d 786.

Under appellants' points II and III, the five questions they asked of their proffered witness, Dr. Hayes, to all of which the court sustained objection, were these, the italics having been added here:

"1. Q. From your observations and listening to the conversations between yourself, the Proponent Jessie Poe, and the deceased, Mrs. Johnson, in your opinion, *did* he exert any influence on Mrs. Johnson?

"2. Q. Have you been present with Mrs. Johnson and Jessie Poe, and have you overheard any conversations between them in your presence which led you to believe that such a person as Jessie Poe *could* influence Mrs. Johnson?

"3. Q. Now Doctor, do you think that Jessie Poe is the type of person who *could* substitute his will for the will of Mrs. Johnson?

"4. Q. *Could* a person who said and done the things that you had heard Jessie Poe say to his mother, Mrs. Johnson, influence her?

"5. Q. *Could* a person who stated to Mrs. Johnson that he was ill, that he was the only one who loved her, and the only one who cared for her, and that none of the other children cared for her, by using those methods, *could* such a person substitute his will for the will of Mrs. Johnson?"

■ As a matter of appellate procedure, this Court is not satisfied that any of these matters are properly presented for consideration by it; this for the reason that the record does not show that the questions so

asked would have been answered, what any answers thereto would have been, or what, indeed, it was expected to be proved by them. No written bills of exception to the exclusion of such matter of any sort appear, nor is any showing in lieu thereof made from the record, or the statement of facts, in pursuance of the requirements of Rules 372 and 373, Texas Rules of Civil Procedure.

Wherefore, it would seem that nothing tangible, or determinable, at any rate, touching these stated complaints, has been properly presented for determination here. Rule 372, T.R.C.P.; Par. 331 of 3 T.J. 470; Cushenberry, et al. v. Profit et al., Tex.Civ. App., 153 S.W.2d 391, writ refused; Key 692 of Vol. 3, Texas Digest, Appeal and Error; Sims v. Duncan, Tex.Civ., 195 S. W.2d 156, at page 161, column 2.

■ In any event, however, under the court's charge as to what constituted undue influence as applied to the issues of this controversy, to which no exception was taken by appellants, and which embodied the correct rule, it is held that the quoted Special Issue No. 2 submitted the only fact issue to the jury that was raised upon whether or not the appellee could or did unduly influence or substitute his will for that of the testatrix; hence the witness Dr. Hayes, even though he had been properly qualified as a medical expert to testify in the cause, was clearly disqualified as such to express an opinion on the question of whether Jessie Poe could or did unduly influence or substitute his own will for that of his mother; that question was one of law for the court alone to determine: Jones v. Selman et al., Tex.Civ.App., 109 S. W.2d 1003, w. of e. dismissed; Pars. 74, 75, 76 and 77 of 19 T.J., Pages 106-113; 32 C.J.S., Evidence § 446 and Par. 14 of 19 T.J. 33; Pickering v. Harris, Tex.Com. App., 23 S.W.2d 316; Brown v. Mitchell, 88 Tex. 350, 31 S.W. 621, 36 L.R.A. 64.

Appellants' fourth point, as quoted supra, does not appear to have clearly reflected the record herein, in this: their objection to Owens' testimony in the trial court was this: "calling for a conclusion. This is given by a witness who was a fiduciary re-lationship with the Testatrix and therefore, his testimony with reference to the matter is inadmissible.", whereas the point of error on appeal presents it as having been: "such testimony was a legal conclusion, and invaded the province of the jury." See Rule 418, T.R.C.P., and Par. 335, 3 T.J., p. 478.

■ In any event, however, it would seem plain that the questions propounded by the appellee to this witness did not call for any opinion or conclusion of his as to the "legal capacity" of .testatrix, but had to do only with her mental condition from time to time on whether she, in her dealings with him as her attorney, was capable of under-standing that she was making her will; that she then knew the nature and extent of her property, as well as the intended objects of her bounty, and that she realized the kind of disposition she was thereby undertaking to make of her estate; as such, his objected to testimony was clearly receivable, under the issues of fact the trial court had so pro-pounded. Par. 17, 44 T.J. 558; Reiche v. Williams, Tex.Civ.App., 183 S.W.2d 587, App. for W. of E. ref. W. of M., 143 Tex. 365, 185 S.W.2d 420; Hudson et al. v. Fu-son et al., Tex.Civ.App., 15 S.W.2d 166; Stewart et al. v. Miller et al., Tex.Civ.App., 271 S.W. 311, W. of E. refused.

■ Appellants' fifth contention that, in effect, they had been misled into not having challenged the juror Roy Shuman from sit-ting as a juror on this trial, because, on his voir dire, he had misled them by withhold-ing from them the information that he had formerly been represented by Mr. Floyd Enlow, attorney for the appellee herein, is overruled; this, on the conclusion that the record shows it to have been such an inconsequential matter that if error at all, it was plainly not such a one as was reason-ably calculated to cause, and probably did cause, the rendition of an improper judg-ment against them; Rule 434, T.R.C.P.

No extended discussion of this present-ment is deemed necessary, since the undis-puted facts about it simply were that such juror was shown, 15 or 16 years before this trial, to have been merely aided by Mr. En-low in the collection of a $47.00 claim he

held against another party which had not gotten into court, and had well nigh been forgotten by both parties to it; it clearly didn't disqualify the juror, 26 Tex.Jur., Par. 188, Page 573. Moreover, it was not shown when the appellants discovered this simple incident—that is, whether or not they had known of it during this trial, at any stage thereof; a disclosure upon that feature would seem to have been due from them, since, if they had known about it at any time before the trial ended, under the rule applied by this Court in Rice v. Dewberry, Tex.Civ.App., 93 S.W. 715, it would have been their duty to the court and opposing litigants to make complaint of it then. That was not done; hence, upon its facts, this cause on that feature was clearly distinguishable from that recently passed upon by this Court, through Chief Justice Monteith, in Texas Employers' Insurance Association v. Wade, Tex.Civ.App., 197 S. W.2d 203.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.