### COMMUNITY NATURAL GAS CO. v. HENLEY et al. (No. 1093—5329.)

Commission of Appeals of Texas, Section B. Feb. 12, 1930.

Harry P. Lawther, of Dallas, for plaintiff in error.

Thompson & McWhirter, of Greenville, for defendants in error.

LEDDY, J. The writ of error was granted on the second assignment of error, which calls in question the holding of the Court of Civil Appeals that there was evidence justifying the submission of special issue No. 1 whether the employees of the defendant company placed the slab of concrete across the ditch upon which Mrs. Henley fell.

After a careful consideration of all the testimony we are unable to concur in the holding by the Court of Civil Appeals on the question. The only testimony quoted by that court to sustain its holding is that given by

the witness Spencer, which is as follows: "There was (quoting) an open passageway to the slab of concrete. The best I remember there was an open passageway for foot passengers to get through without going in the mud or traveling over dirt, the dirt ridges that were thrown up."

■■ The Court of Civil Appeals concluded from this testimony that the jury had a right to find that the passageway mentioned was provided for appellee's employees for use in crossing over the ditch, and that, being justified in making such finding, they had a right to further conclude that the gas company's employees placed the slab across the ditch because the way would be incomplete without some such means for crossing over the ditch. There is not a scintilla of evidence in the record that the gas company threw the dirt in the particular way it was thrown for the purpose of making a passageway across the ditch. Only the bare fact that the way the dirt was piled when thrown out of the ditch left an open way through which any one might pass is shown. That the dirt was piled in the way it was for the purpose of creating a passageway is purely a presumption. Based upon this presumed fact, the further presumption is built that, if a passageway was left between the piles of dirt, then the gas company must have placed the slab of concrete across the ditch in order to make the passageway complete. It is not permissible to presume a fact and then build a presumption upon the fact thus presumed. If the record contained any direct proof of the existence of the fact presumed, then any reasonable inference might be indulged from the fact thus proven. But a fact may not be presumed and then a presumption built thereon, as this would be piling one presumption upon another, which is never permitted. Texas & P. Ry. Co. v. Shoemaker, 98 Tex. 451, 84 S. W. 1049; Harris v. Ry. Co. (Tex. Civ. App.) 283 S. W. 895; Gulf, C. & S. F. R. Co. v. Davis (Tex. Civ. App.) 161 S. W. 932; Atchison, T. S. & F. R. Co. v. Smith (Tex. Civ. App.) 190 S. W. 761.

The rule on this subject is thus announced by Cyc. p. 1051: "No inference of fact should be drawn from premises which are uncertain. The fact relied upon to support the presumption must be proved. Facts upon which an inference must legitimately rest must be established by direct evidence, as if they were the facts in issue. One presumption cannot be based upon another presumption."

The case of Fort Worth Belt Ry. v. Jones, 106 Tex. 345, 166 S. W. 1130, 1132, involved a question quite similar to the one in this case. The issue there was whether there was any evidence raising the issue that the employees of Armour & Co. had left a pipe on the railway track. In discussing the principle here enunciated Justice Brown said: "The fact that Armour & Co.'s servants were at work near the track cannot furnish a basis for a presumption that they placed the pipe on the track. It did not rest upon Armour & Co. to prove that their servants did not place the pipe there, but the burden was upon the railroad company. A presumption of fact cannot rest upon a fact presumed. *The fact relied upon to support the presumption must be proved.*"

The evidence shows that when the gas company dug the ditch across the street intersection it constructed a bridge across the ditch which could be used by pedestrians or vehicles for the purpose of crossing the ditch. Its employees by this means could get from one side of the ditch to the other; hence there was no necessity, so far as its own employees were concerned, in leaving an open passageway at any other point in the street intersection.

If there was any direct evidence in this record that the gas company threw the dirt on the east side of the ditch in the particular manner in which it was thrown *for the purpose* of leaving a passageway for its employees or pedestrians, this would constitute a proven fact from which the inference drawn by the Court of Civil Appeals would be justified, but inasmuch as we are left wholly to presumption that the gas company intended to leave a passageway by the manner it piled the dirt on the east side of the ditch, the issue submitted finds its only support by piling one presumption upon another.

We recommend that the judgments of the trial court and the Court of Civil Appeals be reversed, and the cause remanded for another trial.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.