**UNITED STATES v. PEET.**
No. 581.

Circuit Court of Appeals, Tenth Circuit.
June 30, 1932.

C. L. Dawson, Atty., Veterans' Administration, of Washington, D. C. (S. M. Brewster, U. S. Atty., and L. E. Wyman, Asst. U. S. Atty., both of Topeka, Kan., and Wm. Wolff Smith, Sp. Counsel, Veterans' Administration, of Washington, D. C., on the brief), for the United States.

T. W. Bell, of Leavenworth, Kan., for appellee.

Before PHILLIPS and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

Peet brought this action against the United States on a policy of war risk insurance. Trial by jury was duly waived and the action tried by the court. At the close of the evidence counsel for the United States moved for judgment in its favor upon the ground that the proof wholly failed to establish that Peet became totally and permanently disabled during the life of the policy. The court overruled such motion and entered judgment for Peet.

The evidence, considered in the light most favorable to Peet, established the following facts: He enlisted in the United States army on September 18, 1917, and was discharged on February 4, 1919. While in the service he applied for and received war risk insurance in the amount of $10,000. Such insurance lapsed on March 1, 1919, for nonpayment of premiums, unless prior to that date he became totally and permanently disabled.

Peet was a coal miner by occupation.

While in the service he was wounded in the right foot and was confined in an army hospital from October 19, 1918, until his discharge. This wound was treated by a physician for about three months in 1919 and it healed. A portion of the scar tissue adhered to the bone however and this causes him inconvenience and annoyance, and interferes with the normal movement of the foot. The foot cramps and tires at times, and prevents him from mining as much coal as the average miner.

Since his discharge Peet has on occasions suffered from stomach cramps and has had to observe a restricted diet. He also had a gall bladder attack in 1920.

Notwithstanding such foot injury and temporary illnesses, Peet has worked with substantial regularity in the coal mines, when the same were operating, from September, 1919, up to the time of the trial. During the first four and one-half years he worked as a mule driver and thereafter as a coal miner. While his diability causes some impairment in his ability to mine coal, he has mined approximately two-thirds as much as the average miner, and has earned substantial amounts.

The test is whether on March 1, 1919, Peet had a disability which rendered it impossible for him to follow continuously any substantially gainful occupation, founded upon conditions which indicated with reasonable certainty that such impairment would continue throughout his life. Regulation 11 (7 T. D. 20 W. R.); Hirt v. United States (C. C. A. 10) 56 F.(2d) 80.

"Continuously," as used in such Regulation, does not denote absolute continuity. It means working with reasonable regularity, and work does not cease to be continuous because of interruptions in one's occupation due to mere periods of temporary illness, such as are ordinarily incident to people of normal health. Ford v. United States (C. C. A. 1) 44 F.(2d) 754, 755; Carter v. United States (C. C. A. 4) 49 F.(2d) 221; White v. United States (C. C. A. 5) 53 F. (2d) 565.

The stomach and gall bladder ailments were not shown to be more than temporary illnesses. While the foot injury has partially impaired Peet's ability to work as a coal miner, it has not prevented him from working continuously at such occupation and from earning substantial wages.

We are unable to escape the conclusion that the evidence wholly failed to establish that Peet is totally disabled.

Reversed and remanded with instructions to grant the United States a new trial.