## UNITED STATES v. PERKINS.

### No. 723.

Circuit Court of Appeals, Tenth Circuit.

March 28, 1933.

Herbert K. Hyde, U. S. Atty., and Fred A. Wagoner, Asst. U. S. Atty., both of Oklahoma City, Okl., and Davis G. Arnold and Lawrence A. Lawlor, both of Washington, D. C., Attys., Veterans' Administration, for the United States.

Merle G. Smith, of Guthrie, Okl., for appellee.

Before COTTERAL and McDERMOTT, Circuit Judges, and JOHNSON, District Judge.

McDERMOTT, Circuit Judge.

After a trial without a jury, the lower court found that appellee was totally and permanently disabled on and after July 1, 1919, and rendered judgment in his favor on a policy of war risk insurance. This appeal presents the single question of whether there is any substantial evidence on which the judgment may rest.

The appellee had pneumonia while in a camp in this country, and was slightly gassed during the St. Mihiel and Argonne offensives. From his discharge in July, 1919, until July, 1922, he did some farm work. From July, 1922, until March, 1931, he was employed by the Santa Fe Railway Company at Guthrie, Oklahoma, as a stationary fireman. During this nine-year period he had leaves of absence, on account of illness, from October 31 to November 17, 1924; from May 29 to June 3, 1925; and from August 1, 1925, to March 1, 1926. Laying to one side the seven months absence in 1925 and 1926, this record discloses that his average earnings over the nine-year period were $131.00 per month. His wage averaged a little less than 60 cents an hour. The record, therefore, discloses that for nearly nine years he worked, on an average of more than eight hours a day, for 25 days each month. He earned $138.16 during the month in which he filed the petition in this case, alleging that he was totally and permanently disabled; he averaged $135.00 a month for the succeeding twenty months. His duties as stationary fireman did not involve much physical activity. When he was required to do any heavy work, some of the other men generally helped him. During this period he coughed a good deal, and during the latter part of the period, carried some temperature.

The first record of medical treatment after his discharge from the army was in July, 1924, at which time no lung pathology was found. Examinations made in 1925 and 1926 disclosed active tuberculosis; an examination in 1927 disclosed that the disease had become arrested. Doctor Shaw examined him in 1931, just prior to the trial, and found a tubercular condition which had been arrested, and which he believed had again become active. At the close of the evidence, physicians were appointed to examine him, and they disagreed as to the presence of active tuberculosis. One of the doctors diagnosed his condition as tuberculosis with some activity, basing his diagnosis largely upon the fact that he was carrying some temperature. He said he could only conjecture as to how long this condition had existed. The other doctor ascribed his temperature to other causes, and believed the tubercular condition was not active. The pulse was normal, and the X-ray disclosed no indication of active tuberculosis.

There is no real dispute in the testimony. The appellee was afflicted with an active tuberculosis in the latter part of 1925 and the spring of 1926. The condition was arrested. The doctors are in disagreement as to whether it again became active in 1931. Neither the X-ray nor the sputum indicates such activity; and if there is such, there is no proof that the condition in 1931 was incurable. But we are not concerned with 1931; we are concerned with his condition in 1919; and we find no proof that he was tubercular in any degree at that time.

But the record does not stop with failure of proof, for we have here complete, affirmative, and irrefragable evidence that he was neither totally nor permanently disabled in 1919, nor in the eleven succeeding years. No man who is totally and permanently disabled can hold a responsible position with a railway company for nine years, averaging better than full time each month, with but one interruption of consequence. The fact of this steady, continuous, profitable employment is an unanswerable refutation to any claim that he was totally disabled during the years of that employment. A finding that a man cannot do what he in fact did, cannot stand. To so hold is to strike out the language of the contract, and to render a judgment contrary to the physical facts. This court, and other courts, have consistently held that there can be no recovery where the employment was of much shorter duration, and of much less continuity, than the employment here involved. A few of the many cases are: Nicolay v. United States (C. C. A. 10) 51 F.(2d) 170; Hirt v. United States (C. C. A. 10) 56 F.(2d) 80; Roberts v. United States (C. C. A. 10) 57 F.(2d) 514; United States v. Peet (C. C. A. 10) 59 F.(2d) 728; United States v. Rice (C. C. A. 9) 47 F.(2d) 749; United States v. Perry (C. C. A. 8) 55 F.(2d) 819; United States v. Fly (C. C. A. 8) 58 F.(2d) 217; United States v. Harth (C. C. A. 8) 61 F.(2d) 541; Nalbantian v. United States (C. C. A. 7) 54 F.(2d) 63; United States v. Lyle (C. C. A. 6) 54 F.(2d) 357; United States v. Martin (C. C. A. 5) 54 F.(2d) 554; United States v. Crume (C. C. A. 5) 54 F.(2d) 556; United States v. Harrison (C. C. A. 4) 49 F.(2d) 227; United States v. Wilson (C. C. A. 4) 50 F.(2d) 1063.

Appellee relies upon the fact that the trial court observed his condition at the trial. Such observation might possibly shed some light on his physical condition in 1931; it cannot eradicate the fact of steady employment for nine years after he claims to have become totally and permanently disabled. Appellee also relies on United States v. Godfrey (C. C. A. 1) 47 F.(2d) 126, and United States v. Meserve (C. C. A. 9) 44 F.(2d) 549. Those cases have been called to the attention of this court repeatedly; we have not had occasion to approve or disapprove them; this much may be said: they mark a limit beyond which no court has gone in reconciling a finding of disability with a record of employment. But the facts in even those cases will not sustain the judgment in the case at bar.

The trial court should have sustained the motion of the defendant for judgment on the undisputed facts. The judgment is therefore

Reversed.