W. F. Rampendahl, U. S. Atty., and Philas S. Jones, Asst. U. S. Atty., both of Muskogee, Okl., and Davis G. Arnold and Lawrence A. Lawlor, both of Washington, D. C., Attys. Veterans' Administration, for the United States.

Joseph I. Pitchford and Harry D. Pitchford, both of Okmulgee, Okl., and R. M. Mountcastle, of Muskogee, Okl., for appellee.

Before LEWIS and McDERMOTT, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge.

This is a war risk insurance case. It was tried to the court below without the intervention of a jury, by stipulation, and at the close of all the evidence each party submitted a motion for judgment in his favor. The motion of the appellee, plaintiff in the court below, was sustained, and a judgment entered in his favor accordingly, to which an exception on the part of the appellant, defendant in the court below, was taken and allowed. The appeal brings before this court the question of the soundness of such judgment.

It was stipulated that the plaintiff was inducted into the service on the 19th day of September, 1917; that he was discharged on the 10th day of March, 1919; that a policy of $10,000 of war risk insurance was issued to him during the term of such service; that said policy expired by nonpayment of premium on the 1st day of September, 1919, unless before such time it was matured by the total and permanent disability of the insured; and that a disagreement at the time of the commencement of the suit existed between plaintiff and defendant in accordance with the law in such cases made and provided.

A brief sketch of the evidence shows that the plaintiff while in the service was severely

injured in action, suffering the loss of an eye, the hearing in one ear, and a gunshot wound in the left leg, and that he spent considerable time in army hospitals. A short time after his discharge from the service the plaintiff returned to his home and secured employment in which he was almost continuously engaged until some time in the year 1929. The nature of this employment was that of an automobile salesman, and the record discloses that such employment began on or about the month of May, 1919, and continued through the year 1927. There is documentary evidence purporting to be a signed statement by the plaintiff that he was subsequently employed by an automobile company for a portion of the time in the year 1928 and until November, 1929. During the first period of employment from 1919 to 1927, the records of the automobile company show that he was paid for his services the following sums:

In 1919........................$ 875.00
In 1920........................ 2,905.53
In 1921........................ 985.63
In 1922........................ 3,002.75
In 1923........................ 915.02
In 1924........................ 1,637.34
In 1925........................ 2,286.80
In 1926........................ 1,257.03
In 1927........................ 1,325.70

The record does not disclose what, if anything, the plaintiff was paid for his services during the years 1928 and 1929, but it appears that since the year 1929 his sole source of income has been his compensation from the government. There is further evidence by the plaintiff and physicians that after his return he suffered from arthritis on account of the wound in his left leg, and that he was further seriously handicapped by the loss of his eye and the hearing in his left ear, with a corresponding opinion on the part of the physicians that his condition from the history of the case was such as to lead to the conclusion that he was totally and permanently disabled from the time he left the service.

██ We find it unnecessary to review the evidence in its entirety inasmuch as we believe the controlling feature in this case, as in many others, revolves around the work record of the plaintiff for a substantially long period of time after his discharge from the service and after his policy had admittedly lapsed for nonpayment of premiums. As has been repeatedly said in the decisions of the courts, the plaintiff cannot recover unless his total and permanent disability existed while the

policy of insurance was in force and effect. In this case, the record discloses that for a period of at least nine years after his policy lapsed the plaintiff was engaged in an occupation with a substantial income. In fact, during this period he had an average income of nearly $1,700 per year. This in itself conclusively refutes any theory of total and permanent disability during the term of such employment. Nicolay v. United States (C. C. A.) 51 F.(2d) 170, and the cases there cited.

This court in comparatively recent decisions has adhered to this doctrine. In Roberts v. United States (C. C. A. 10) 57 F.(2d) 514, at page 515 it was said: "The difficulty frequently arises in attempting to justify the disability claimed in the face of a long period of substantially uninterrupted employment by the insured at a substantially gainful wage. It would require the widest range of indulgent sympathy to say that a man who was almost continuously employed at good living wages in various kinds of employment from February, 1921, until August, 1928, was nevertheless during all that time totally and permanently disabled within the scope of the accepted definition or within any practical understanding of total and permanent disability. If for the purpose of strengthening the proofs of the totality of his disability, the theory be indulged that it was detrimental to his health to have worked under the conditions in his case, then the proofs indicating the reasonable certainty of the continuance of the disability through life, or its permanency, determined as at the time the policy was in force, are correspondingly weakened."

In United States v. Perkins (C. C. A. 10) 64 F.(2d) 243, at page 244, the following language is used: "The fact of this steady, continuous, profitable employment is an unanswerable refutation to any claim that he was totally disabled during the years of that employment. A finding that a man cannot do what he in fact did, cannot stand. To so hold is to strike out the language of the contract, and to render a judgment contrary to the physical facts. This court, and other courts, have consistently held that there can be no recovery where the employment was of much shorter duration, and of much less continuity, than the employment here involved."

Ample additional authority may be found in the cases cited.

For the reasons stated, the judgment of the court below is reversed, and the case remanded.