## UNITED STATES v. LINDE.
### No. 999.

Circuit Court of Appeals, Tenth Circuit.
June 30, 1934.

Randolph C. Shaw, Sp. Asst. to the Atty. Gen. (S. M. Brewster, U. S. Atty., and L. E. Wyman, Asst. U. S. Atty., both of Topeka, Kan., and Will G. Beardslee, Director, Bureau of War Risk Litigation, and Fendall Marbury, Atty., Department of Justice, both of Washington, D. C., on the brief), for the United States.

Roscoe W. Graves, of Emporia, Kan., for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

This action was brought by Minnie C. Linde to recover, as beneficiary, on a policy of war risk insurance issued to William Linde. Trial by jury was waived and the action tried to the court. At the conclusion of the evidence, counsel for the government moved for judgment in its favor. The motion was overruled, and judgment was entered for the plaintiff.

The only question presented here is whether there is any substantial evidence to support the judgment. United States v. Fitzpatrick (C. C. A. 10) 62 F. (2d) 562; Storey v. United States (C. C. A. 10) 60 F. (2d) 484; United States v. Peet (C. C. A. 10) 59 F. (2d) 728; Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 78 L. Ed. ——.

The evidence, considered in the light most favorable to the plaintiff, established the following facts: William Linde enlisted in the Army on September 19, 1917. While in the Army he was granted a policy of war risk insurance for $10,000. He was discharged on May 7, 1919; and no premium payments were made subsequently thereto. Immediately after his discharge he returned to Skiddy, Oklahoma, to live with the plaintiff his mother, and two young sisters. At that time he had an unnatural color, and complained of swollen legs and feet, pains in his side and back, and shortness of breath. During the summer of 1919 he worked at odd jobs, and on two occasions worked for periods of two or three weeks with threshing crews. He also worked for a short time on an elevator job. During the summer of 1920 he did some threshing, and in August of that year commenced work on the section for the M. K. & T. Railroad, where he remained until his death. In April, 1921, he dropped dead while playing baseball.

From the time Linde was discharged from the Army until his death, he was constantly complaining of ill health. During that entire period his legs and feet were swollen, and frequently, after a day's work his legs would be spotted and swollen as high as his

knees. Fellow employees assisted him at work, and during the time he worked on the section, it was not uncommon for a neighbor to work in his place.

Dr. Lawrence, basing his testimony upon the evidence which he heard at the trial, testified that Linde had been suffering from a severe case of cardiac insufficiency, which originated prior to the date of his discharge and continued until his death. It was his opinion that the ailment was permanent and incapacitated Linde from doing any hard work.

Dr. Smiley, basing his testimony upon the evidence he heard at the trial, testified that Linde had been suffering from acute dilation of the heart, which disability had its origin prior to the date of discharge, and that such affliction was permanent.

The test is whether Linde, at the time his policy lapsed for non-payment of premiums, had a disability which rendered it impossible for him to follow continuously any substantially gainful occupation, founded upon conditions which indicated with reasonable certainty that such impairment would continue throughout his life. United States v. Fitzpatrick, supra; United States v. Peet (C. C. A. 10) 59 F.(2d) 728, 729; Hirt v. United States (C. C. A. 10) 56 F.(2d) 80.

Linde was suffering from a serious heart disease from the time he was discharged from the Army until his death. Upon discharge he returned to his home and assumed the burden of caring for a mother and two young sisters, by attempting the only kind of work that he knew how to do. Manual labor not only endangered his life, but greatly aggravated his heart ailment. It was impossible for him to follow a substantially gainful occupation, with any degree of regularity.

Linde, because of his educational limitations, was not equipped to do clerical work. The burden of supporting his mother and two sisters deprived him of the opportunity to fit himself for any occupation other than that of common manual labor. Storey v. United States (C. C. A. 10) 60 F.(2d) 484; Sorvik v. United States (C. C. A. 9) 52 F.(2d) 406; United States v. Phillips (C. C. A. 8) 44 F.(2d) 689; Marsh v. United States (D. C. Ark.) 33 F.(2d) 554.

On this record, we cannot say that there is no substantial evidence that Linde was so disabled on or prior to the date his policy of insurance was kept in force by payment of premiums that he could not follow continuously any substantially gainful occupation.

Affirmed.