**RAILWAY EXP. AGENCY, Inc. v. COX.**

No. 13302.

United States Court of Appeals
Fifth Circuit.

Dec. 27, 1950.

Rehearing Denied Jan. 30, 1951

———◆———

George W. Gibson, Jr., Lubbock, Tex., for appellant.

Wm. H. Evans, Lubbock, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

PER CURIAM.

When this case was here before,[1] upon full consideration we rejected the appellant's contention that a verdict should have been instructed for it, and, reversing for error in the charge, sent the cause back for retrial.

Again appealing from a verdict and judgment against it, appellant is here insisting, as it did before, that it should have had an instructed verdict, and, if not, that the cause should be reversed for errors in the charge.

A careful examination of the record convinces us that the request for an instructed verdict was properly denied and that the claim of reversible errors in the charge is not well taken.

The judgment is

Affirmed.

HOLMES, Circuit Judge (dissenting).

It is difficult to reconcile an affirmance of the judgment under review with this court's opinion that is reported in 179 F.2d 593, 596. On the former appeal, this court said that if the defendant was guilty of negligence, which was the proximate cause of the accident, it was in the furnishing of a holster that the recipient could not be reasonably expected to fasten. A question of fact, the court said, was presented as to whether the appellee could have been reasonably expected to fasten the holster, before the jury could find that the issuance of the pistol without the hammer resting on an empty chamber was negligence and the proximate cause of the injury.

On retrial, the court below did not apply the law of the case as announced in said opinion, which stated that, in order to hold the defendant liable, the jury would have to find both negligence in issuing a holster that could not reasonably be expected to fasten and in issuing a pistol not set on an empty chamber. Referring to the issuance of the holster, and emphasizing the fact that the appellee did not describe what efforts he made to close the flap, the court said: "A question of fact was presented which would have had to be resolved against the Company by the jury before it could have found that the issuance of the pistol to appellee without the hammer resting against an empty chamber was the proximate cause of the accident, because if the retaining flap on the

1. 179 F.2d 593.

holster had been fastened properly the pistol could not have fallen to the floor and the accident could not have happened as claimed."

Notwithstanding the ruling that it was the combination of the issuance of a defective holster and the issuance of a pistol set on a loaded chamber which caused the injury, the court below did not submit to the jury any issue as to the concurrence of these two alleged acts of negligence being the proximate cause of the injury. The court charged the jury to find for the plaintiff if the pistol, when delivered to him, was not then set on an empty chamber and the defendant's failure to have it set on an empty chamber was negligence and the proximate cause of the injury. No issue as to the alleged defective holster or as to the concurrence of the two alleged negligent acts of the defendant was submitted to the jury.

Substantial and prejudicial as the preceding matter may have been, there is a question which is deemed by me to be still more serious and to go to the very heart of the appellee's case. It is the total absence of proof as to how the accident happened and as to what was the proximate cause thereof. No one doubts that appellee was wounded by a bullet from the pistol; but whether the pistol fell off the desk or out of the holster, or what caused the firing of it, if known, was not testified to by any witness. Plaintiff was the only one present at the shooting, but he did not testify as to the crucial facts. When he heard the report of the pistol, he thought it was a torpedo on the railroad track, and was not immediately conscious of being shot. When a moment or two later he felt the pain and saw the pistol lying on the floor behind him, he naturally inferred that the shot had come from the pistol, though previously he had thought that the shot came from the outside. When he breached the pistol, his inference that the shot came from his pistol was confirmed; but the plaintiff's evidence was still far short of proof that defendant's concurrent negligence, in delivering to him the defective holster and the pistol not set on empty, was the proximate cause of the injury.

The ultimate fact as to the condition of the pistol when delivered to him could only be reached by an inadmissible inference upon an inference or upon a series of inferences. Appellee told witness Evans that he did not know whether the pistol had or had not fallen off the desk. He never examined the pistol until after the accident, and consequently did not know its condition when received by him. Demonstrably, the holster could be snapped by the use of ordinary strength. If it be conceded, inferentially, that the gun fell out of the holster or was pulled out by the wire mesh while plaintiff was sliding up and down such grill work, what caused it to fire and whether it fired before or after striking the floor may be determined only by pyramiding inferences upon inferences, which the law does not permit, because an ultimate fact thus arrived at is too conjectural and uncertain to support a judgment. Community Natural Gas Company v. Henley, Tex.Com.App., 24 S.W.2d 10; International Travelers' Association v. Bettis, 120 Tex. 67, 35 S.W.2d 1040; Green v. Texas & P. Ry. Co., 125 Tex. 168, 81 S.W.2d 669; Texas Pacific Coal and Oil Company v. Wells, Tex.Civ. App., 151 S.W.2d 927; Id., 140 Tex. 2, 164 S.W.2d 660; Latimer v. Walgreen Drug Company of Texas, Tex.Civ.App., 233 S.W. 2d 209, 213.

There is no presumption that the pistol was turned over to the messenger in a dangerous condition; and the doctrine of *res ipsa loquitur* is not the least bit helpful to either side.

Rehearing denied; HOLMES, Circuit Judge, dissenting.